UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WYATT SHAWN ELLIOTT, #488805,

        Petitioner,              Case Number: 2:07-CV-12093

v.                              HON. ANNA DIGGS TAYLOR

JAN E. TROMBLEY,

        Respondent.
        _____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS AND (2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

Petitioner Wyatt Shawn Elliott is currently incarcerated at the Lakeland Correctional Facility in Coldwater, Michigan. He has filed a *pro se* petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction for second-degree murder. For the reasons set forth below, the Court denies the petition.

I.

Petitioner pleaded guilty in Washtenaw County Circuit Court to open murder following the strangling death of his girlfriend, Helena Mata. Following a degree hearing, Petitioner was convicted of second-degree murder. On March 23, 2004, he was sentenced to thirty to fifty years' imprisonment.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

    I.    Defendant's conviction violates his State and federal constitutional rights because it is based upon an unfulfilled promise of leniency by defense counsel and was thus involuntary.

> II. Defendant was denied his State and federal constitutional rights to effective assistance of counsel by his attorney's failure to present a defense and call witnesses and by the trial court's failure to grant a Ginther hearing.
>
> III. Defendant is entitled to resentencing because the sentencing guidelines range was enhanced by the scoring of Offense Variables 5 and 10 on the basis of facts not proven to a jury beyond a reasonable doubt, in violation of the Sixth and Fourteenth Amendments.
>
> IV. Defendant's sentence violates his State and federal constitutional rights because it is based upon improperly scored guidelines.

The Michigan Court of Appeals denied leave to appeal. *People v. Elliott*, No. 266816 (Mich. Ct. App. Feb. 8, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *People v. Elliott*, No. 130681 (Mich. June 26, 2008).

Petitioner then filed the pending petition for a writ of habeas corpus, raising the following claims:

> I. Defendant's conviction violates his State and federal constitutional rights because it is based upon an unfulfilled promise of leniency by defense counsel and was thus involuntary.
>
> II. Defendant was denied his State and federal constitutional rights to effective assistance of counsel by his attorney's failure to present a defense and call witnesses and by the trial court's failure to grant a Ginther hearing.
>
> III. Defendant is entitled to resentencing because the sentencing guidelines range was enhanced by the scoring of Offense Variables 5 and 10 on the basis of facts not proven to a jury beyond a reasonable doubt, in violation of the Sixth and Fourteenth Amendments.

## II.

### A.

Section 2254(d) of Title 28 U.S.C., imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1).

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application occurs" when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 410-11.

### B.

Petitioner claims that he is entitled to habeas relief because his no contest plea was involuntary where it was based upon an unfulfilled promise of leniency. Petitioner maintains that his attorney promised him no more than ten years' imprisonment.

To be valid, a guilty plea must be voluntarily and intelligently made. *Brady v. U.S.*, 397 U.S. 742, 748-49 (1970). The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id.* at 748. The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id.* at 749. A "plea of guilty entered by one fully aware of the direct consequences" of the plea is voluntary in a constitutional sense, and the mere fact that the defendant "did not correctly assess every relevant factor entering into his decision" does not mean that the decision was not intelligent. *Id.* at 755, 757. "[T]he decision whether or not to plead guilty ultimately rests with the client." *Lyons v. Jackson*, 299 F.3d 588, 598 (6th Cir. 2002).

The Sixth Circuit has stated that in cases challenging the voluntariness of a plea agreement a petitioner is bound by his in-court statements regarding his understanding of the plea:

> If we were to rely on [petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos v. Rogers*, 170 F.3d 560, 564 (6th Cir. 1999) (*quoting Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)).

During the plea colloquy, Petitioner specifically stated that no one promised him anything to convince him to plead guilty. He was also advised that his plea carried a potential life sentence. In addition, the trial court judge explained to Petitioner all of the rights he would be giving up if he entered a guilty plea. Petitioner indicated that he understood the rights he would forfeit. Petitioner is "bound by his statements" during the plea colloquy that he was not coerced into entering the guilty plea and that no promises were made to him to convince him to plead guilty. *Ramos*, 170 F.3d at 564 (internal quotation omitted). Thus, the Court denies habeas corpus relief on this claim.

## C.

Next, Petitioner argues that he was denied his right to the effective assistance of counsel when counsel failed to present a defense or call witnesses during the degree hearing. Petitioner argues that counsel should have called to testify two of Petitioner's friends who would have testified that the victim was having an affair with a married man.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Second, a petitioner must show that counsel's deficient performance prejudiced petitioner. To satisfy the prejudice prong, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court's review of counsel's

performance must be "highly deferential." *Id.* at 689

In this case, the trial court found Petitioner guilty of second-degree murder, rather than first-degree murder, because insufficient evidence was presented to establish the premeditation and deliberation prong of first-degree murder. If Petitioner's attorney had presented witnesses to testify regarding the victim's affair with another man, the trial court may very well have concluded that sufficient evidence had been presented to establish premeditation. Testimony that the victim was having a relationship with another man may have provided Petitioner with a motive to plan and deliberate the victim's murder. Therefore, Petitioner has failed to "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation omitted).

## D.

Finally, Petitioner argues that the trial court violated *Blakely v. Washington*, 543 U.S. 296 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000) in sentencing him based upon facts not admitted by him or submitted to a jury.

In *Apprendi,* the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Michigan has an indeterminate sentencing system for most crimes, including second-degree murder. The maximum term of imprisonment is set by law. Mich. Comp. Laws § 769.8(1); *see also People v. Drohan*, 475 Mich. 140, 160-61 (2006). In *Blakely*, the Supreme Court addressed indeterminate sentencing systems and held that such systems do not violate the Sixth Amendment. The Court explained:

> [The Sixth Amendment] limits judicial power only to the extent that the claimed judicial power infringes on the province of the jury.  Indeterminate sentencing does not do so.  It increases judicial discretion, to be sure, but not at the expense of the jury's traditional function of finding the facts essential to lawful imposition of the penalty.  Of course indeterminate schemes involve judicial factfinding, in that a judge (like a parole board) may implicitly rule on those facts he deems important to the exercise of his sentencing discretion.  But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned.  In a system that says the judge may punish burglary with 10 to 40 years, every burglar knows he is risking 40 years in jail.  In a system that punishes burglary with a 10-year sentence, with another 30 added for use of a gun, the burglar who enters a home unarmed is entitled to no more than a 10-year sentence-and by reason of the Sixth Amendment the facts bearing upon that entitlement must be found by a jury.

*Id.* at 308-09.

Judicial factfinding may not be used to impose a sentence "beyond the prescribed statutory maximum."  *Apprendi*, 530 U.S. at 490.  In this case, the sentencing court did not exceed the statutory maximum for Petitioner's crime.  Therefore, the sentencing scheme did not run afoul of the Sixth Amendment.  Because *Blakely* does not apply to indeterminate sentencing schemes like the one utilized in Michigan, the trial court's sentence did not violate Petitioner's constitutional rights. *See Tironi v. Birkett*, No. 06-1557, 2007 WL 3226198, * 1 (6th Cir. Oct. 26, 2007).  ("*Blakely* does not apply to Michigan's indeterminate sentencing scheme.").  *Minner v. Vasbinder*, 2007 WL 1469419, * 4 (E.D. Mich. May 21, 2007); *Chatman v. Lafler*, 2007 WL 1308677, *2 (E.D. Mich. May 3, 2007); *Jones v. Bergh*, 2006 WL 1007602, *1-2 (E.D. Mich. April 17, 2006); *George v. Burt*, 2006 WL 156396, *5 (E.D. Mich. Jan. 20, 2006); *Walton v. McKee*, 2005 WL 1343060, *3 (E.D. Mich. June 1, 2005).  Habeas relief, therefore, is denied.

### III.

A district court, in its discretion, may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). In denying the habeas petition, the Court has carefully reviewed the petition, the state court record, and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See id.* at 901, (*quoting Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir.1997)), overruled in part on other grounds by *Lindh v. Murphy*, 521 U.S. 320 (1997)) ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.).

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not present a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

### IV.

Petitioner has not established that he is in the State of Michigan's custody in violation of the Constitution or laws of the United States.

8

Accordingly, it is **ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

DATED:  January 9, 2009                       **s/Anna Diggs Taylor**
                                                       ANNA DIGGS TAYLOR
                                                       UNITED STATES DISTRICT JUDGE

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on January 9, 2009.

WYATT ELLIOTT, #488805
SAGINAW CORRECTIONAL FACILITY
9625 PIERCE ROAD
FREELAND, MI 48623                       s/Johnetta M. Curry-Williams
                                                  Case Manager